CHARLES MINTURN AND HORATIO N. SQUIRES, APPELLANT, *v.* DANIEL J. LISLE *et als.*, RESPONDENTS.

NAVIGABLE RIVERS NOT TO BE OBSTRUCTED.—Where a river has been declared navigable by the Legislature, by an Act which prohibits the erection of any dam or bridge across it, and the same Act saved to the Court of Sessions the power to grant licenses for building bridges where the public convenience may demand—"provided such bridges shall not obstruct the navigation of such streams by steamboats and other water-craft," no right thereby existed in the Court of Sessions to authorize an obstruction of the river, even for a single day.

APPEAL from the Sixth Judicial District.

The opinion of the Court fully states the facts of this case, which was appealed by the plaintiff, upon a [181] refusal by the * Court below to grant him a new trial. The grounds of the application for a new trial were, that the Court had refused to give the jury instructions involving principles substantially the same as are decided in the opinion of this Court.

*L. Aldrich,* for Appellants.

*Tod Robinson,* for Respondents.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. WELLS concurred.

This action was brought to recover damages for obstructing the navigation of the American River.

The plaintiffs allege that, while engaged in navigating said river with a steamboat, they were detained and prevented from freely passing, in consequence of the refusal of said defendants to raise the *"draw"* of a certain bridge owned by them, and claim damages for the delay, wages of hands, fuel, etc., etc.

The defendants justify on the grounds, first, of a license from the Court of Sessions of Sacramento County, authorizing the construction of said bridge; and, second, that at the time of the obstruction complained of, a sudden flood had so injured and weakened the bridge as to render it unsafe to raise the " draw," and, in view of this fact, the Board of Supervisors had ordered, for the safety of the bridge, that the draw should be kept down until the flood subsided.

It was also set up in defense, that the act of keeping down the draw did not amount to an absolute obstruction, and the plaintiffs might have passed the bridge, through a slough. This latter defense, if proved, would certainly go in mitigation of damages, but does not alter the principle contended for.

The American River is, and was at the time of the obstruction, a navigable stream, and the Act of the Legislature, declaring it to be so, prohibits the erection of any dam or bridge across any river or creek declared navigable by said Act.

The third section of the Act saves to the Court of Sessions the power to grant licenses for building bridges, where the public convenience may demand, ''provided such bridges shall * not obstruct the navigation of such   [182] streams and rivers by steamboats and other watercraft.''

Conceding the original license to construct the bridge in question is regular, the Court of Sessions had exhausted its authority over the subject matter.   No right existed, either in the Court of Sessions or the Board of Supervisors, to violate the plain letter of the statute, by authorizing an obstruction of the river, even for a single day.

It may be, the plaintiffs' demand is unconscionable; few persons would insist upon a right so trivial, the exercise of which would be attended with great private loss and public inconvenience; but the Supervisors transcended their authority in making such order, and the defendants cannot protect themselves by it.   They were in the use and enjoyment of a franchise, subject to certain regulations and restrictions; one of these was, that the navigation of the river should not be obstructed, and they were bound by this, at the sacrifice of private interest.

The peculiar hardships and exigencies of the case may be a proper subject for the consideration of a jury, but cannot defeat the right the plaintiffs had, freely to navigate said river.

From this view of the case it follows, that the Court below erred.

Judgment reversed, with costs, and new trial ordered.